**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CAROLYN CLARK, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Case No. 03-CV-0745-CVE-SAJ |
| | ) | |
| **WAREHOUSE MARKET, INC., et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Now before the Court is the Motion to Strike Defendant Tulsa Police Department's Motion for Summary Judgment (Dkt. # 44) filed by plaintiffs Carolyn Clark, Nikiah Ogans, and Alisia Ogans. Plaintiffs move that the summary judgment motion (Dkt. # 40) be stricken on the ground that it does not comply with Local Rule 56.1.

Local Rule 56.1 provides:

> The brief in support of a motion for summary judgment (or partial summary judgment) shall begin with a section that contains a concise statement of material facts to which the moving party contends no genuine issue of fact exists. The facts shall be numbered and shall refer with particularity to those portions of the record upon which movant relies.

Local Rule 56.1(b).

Defendant concedes that its summary judgment motion contains no statement of facts. Defendant contends, however, that this omission is not a basis for rejecting its summary judgment motion because Rule 56 of the Federal Rules of Civil Procedure does not require that a moving party present affidavits indicating the lack of evidence for the non-moving party's claim. Fed. R. Civ. P. 56 (b) (stating that party moving for summary judgment may do so "with or without supporting affidavits"); Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In other words, defendant

alleges that the enforcement of Local Rule 56.1 as against defendant would be inconsistent with the standards underlying Rule 56 of the Federal Rules.[1]

Local Rule 56.1 is a procedural rule aimed at clarifying for the Court the material facts over which no genuine issue exists. It is not a substantive rule affecting the allocation of burdens for the purposes of a motion for summary judgment pursuant to Rule 56 of the Federal Rules. Consistent with the standards for Rule 56, Local Rule 56.1 simply requires that a party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," Celotex Corp., 477 U.S. at 323, by providing a statement of material facts as to which there is no dispute between the parties. The Local Rule does not require affidavits; it requires a section containing facts that may then be supported by the record if necessary.

In view of the foregoing, the Court finds that the defendant's Motion for Summary Judgment (Dkt. # 40) is defective, since it does not comply with Local Rule 56.1. The plaintiffs' motion to strike (Dkt. # 44) is hereby **granted in part**: the motion for summary judgment (Dkt. # 40) will remain **under advisement** pending receipt of a supplemental motion for summary judgment which conforms with the Local Rules. Upon such filing, the original motion for summary judgment (Dkt. # 40) will be deemed moot. Defendant Tulsa Police Department is **directed** to submit an amended motion for summary judgment, containing the required statement of facts, **within ten (10) days** of the filing of this Order. Response and reply thereto will be per Local Rule 7.1.

---

[1] 28 U.S.C. § 2071 requires, in essence, that local court rules be consistent with the rules of practice, procedure, and evidence promulgated by the United States Supreme Court, including the Federal Rules of Civil Procedure.

**IT IS SO ORDERED** this 9th day of June, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT